UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Noe Arcaute,  )
    Petitioner,  )
        ) No. 1:16-cv-1112
-v-  )
        ) HONORABLE PAUL L. MALONEY
Shane Jackson,  )
    Respondent.  )
        )

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 9, 2016, Petitioner Noe Arcaute filed a Petition under 28 U.S.C. § 2254, seeking relief from a state convictions for aiding and abetting second-degree murder, carrying a concealed weapon, and felony firearm. (ECF No. 1.) The magistrate judge ordered the state to respond and then issued a Report and Recommendation (R & R), concluding that the petition was meritless. (ECF No. 9.) The matter is now before the Court on Petitioner's objections to the R & R. For the reasons to be briefly discussed, the Court will adopt the R & R as the Opinion of the Court.

### Statement of Facts

Petitioner objects to the magistrate judge's characterization of some facts. Petitioner's version of the facts is tailored towards his argument that his codefendant, Delon Miller was justified in the use of deadly force. (*See* ECF No. 10 at PageID.729 ("Tyrazes Brown assaulted Delon Miller first and that's what broke the fight out. Brown was also armed when this assault took place.").) He also objects to the magistrate judge's characterization of his

"retreat" in the small liquor store where the events took place, and to the conclusion that Miller did not know the other men had guns.

Petitioner's version of the facts does not hold up in light of the evidence presented at trial. The Michigan Court of Appeals found that there was no evidence supporting Petitioner's position that Miller believed the use of deadly force was necessary to avoid imminent danger of death or great bodily harm. While Brown may indeed have thrown the first punch during the melee, the evidence did not show that Miller knew Brown to be armed or that Miller feared for his own safety. As the jury heard, Miller made two statements to police after the shooting but never expressed any fear for his life or contemporaneous knowledge that he knew the aggressors carried weapons. Accordingly, to the extent that Petitioner challenges facts presented in the R & R, that objection is overruled.

Even if the Court were to sustain Petitioner's objections as to the facts it would not change the outcome, for the reasons to be explained.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not

provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Petitioner filed the instant habeas petition and raised two grounds for relief. First, he challenged the sufficiency of the evidence against him. He previously raised this claim at the Michigan Court of Appeals. (ECF No. 6-14 at PageID.632–38, 597–99.) In the R & R, the magistrate judge carefully considered all of the evidence presented by the prosecution in the case and considered the rationale of the Michigan Court of Appeals. He concluded that under the doubly-deferential standard required by *Jackson v. Virginia* and AEDPA, the claim was meritless. (ECF No. 16 at PageID.778–79.) Second, Petitioner argued that the Michigan Circuit Court erred by denying his request for a downward departure at sentencing. The magistrate judge properly concluded that this ground raised only an issue of state law, and that the alleged sentencing error was not so egregious as to lead to a fundamentally unfair outcome.

Now in his objections, Petitioner renews only his argument that the evidence was insufficient to find that he aided and abetted second degree murder. But he does not dispute

that he handed Miller the murder weapon. The theory goes that he did not plan or encourage Miller to kill the victim, so the evidence was insufficient to support his conviction. He says, for all he knew, Miller would "fire a warning shot or intend to scare the men off with the gun." (ECF No. 10 at PageID.731.) And indeed, that is in part what petitioner argued at trial; the jury was not persuaded.

The Court is likewise unpersuaded. It instead concludes that the magistrate judge analyzed Petitioner's claim under the proper standard, and under that standard, the only viable conclusion is that the Michigan Court of Appeals reasonably applied the *Jackson* standard and found that, in the light most favorable to the verdict, Petitioner's conviction was supported by the evidence. *Tucker*, 541 F.3d at 656; *Davis*, 658 F.3d at 534.

Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 10) and **ADOPTS** the Magistrate Judge's Report and Recommendation as the Opinion of the Court. (ECF No. 9.) The Petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

<u>Certificate of Appealability</u>

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at

467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

Date: October 16, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge